IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 16, 2008

Charles R. Fulbruge III
Clerk

No. 07-41274
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LORENZO LENCHO RODRIGUEZ, JR.

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:07-CR-27-ALL

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Lorenzo Lencho Rodriguez, Jr. appeals the district court's denial of his motion to suppress evidence seized from his residence. Rodriguez was convicted, following a jury trial of possession of a firearm in furtherance of a drug-trafficking crime and possession of a firearm while an unlawful user of a controlled substance.

Rodriguez argues that the police officers created exigent circumstances to justify the warrantless search of his residence. He argues that the evidence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

showed that he did not act in a violent manner toward the confidential informant (CI) when he suspected that he was wearing a wire and that the officers had no reason to storm into his home with guns drawn. He contends that the officers created the exigent circumstances by sending the CI into the house knowing that he had weapons and a police scanner.

In reviewing a district court's ruling on a motion to suppress, factual findings are reviewed for clear error, and questions of law are reviewed de novo. United States v. Jones, 239 F.3d 716, 719 (5th Cir. 2001). Additionally, the evidence must be viewed in the light most favorable to the party that prevailed below. Id.

A warrantless entry into a dwelling is presumptively unreasonable unless consent is given or "probable cause and exigent circumstances justify the encroachment." Id. The officer's reason for the entry in this case was exigent circumstances. The Government bears the burden of proving that exigent circumstances existed. United States v. Blount, 123 F.3d 831, 837 (5th Cir. 1997) The Government cannot justify a warrantless search on the basis of exigent circumstances of its own making. See id. at 838. In determining whether the exigent circumstances were manufactured, this court considers whether agents could have obtained a warrant prior to the development of the exigent circumstances on which they relied and "the reasonableness and propriety of the investigative tactics that generated the exigency." United States v. Rico, 51 F.3d 495, 502-03 (5th Cir. 1995).

The evidence showed that the officers intended to do a "buy walk," which would have allowed the CI to leave the premises after the transaction and the officers could have then obtained a warrant based on the buy to search the house. The evidence also reflected that the officers were not aware that Lorenzo Rodriguez was the person involved in the buy and that they had not anticipated that a scanner might disrupt the controlled buy. The officers's lack of intent to make the "bust" is corroborated by the fact that the officers were wearing casual

unmarked clothes and shoes, were not wearing protective vests, and had not arranged for any backup.

The record supports the officers's assertion that they felt compelled to go into the house because they feared for the CI's safety. The evidence also showed that the officers put themselves personally at risk in making the entry with insufficient manpower. Despite Rodriguez's assertion that he reacted calmly to the situation, it was reasonable for the officers to believe that Rodriguez would harm the CI once he confirmed that he was cooperating with the police.

The record does not reflect that the exigent circumstances were created by unreasonable investigative tactics or as a result of a specific intent to create an emergency to circumvent the warrant requirement. See Rico, 51 F.3d at 505. Viewing the evidence in the light most favorable to the Government, and findings that the district court's factual findings were not clearly erroneous, the district court did not err in denying the motion to suppress. Jones, 239 F.3d at 719.

Rodriguez's conviction is AFFIRMED.